FILED by _GM_ D.C.

ELECTRONIC

**Oct 06, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____-CIV-_____

TITAN DEVELOPMENT PARTNERS
LLC, a Florida limited liability company,

**09-CIV-23007-MORENO/TORRES**

     Plaintiff,

v.

ASPEN SPECIALTY INSURANCE COMPANY,
A foreign corporation,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

     Defendant, ASPEN SPECIALTY INSURANCE COMPANY, (hereinafter "ASPEN") hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida, Miami Division, from the Eleventh Judicial Circuit Court where the action is now pending, as provided by 28 U.S.C. §1332, §1441, and §1446 and states:

1.    This cause was commenced and is now pending in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida.

2.    This action was commenced in said court on or about August 31, 2009, by the filing of a Complaint, a true copy of which is attached hereto and marked as Exhibit "A", said action being entitled "TITAN DEVELOPMENT PARTNERS LLC v. ASPEN SPECIALTY INSURANCE COMPANY", Case No. 09-66203 CA 11.

3.    Summons was issued from the Circuit Court on or about September 8, 2009, to the Defendant, ASPEN. (A copy of said Summons being attached hereto and marked as Exhibit "B").

4.    That the Summons was served upon the Defendant through the office of the Florida Department of Financial Services on September 16, 2009. (A copy of the Notice of Service from the office of the Florida Department of Financial Services is attached hereto and marked as Exhibit "C", and is also stamped on Exhibit "B".)

5.    The Complaint is the initial pleading setting forth the claim upon which the action is based and Defendant first received a copy of the Complaint in the above matter on or about September 16, 2009, when it was served. A responsive pleading is therefore due on October 6, 2009.

6.    The above described action is a civil action of which this court has original jurisdiction under 28 U.S.C.A. Section 1332 and is one which may be removed to this Court by the Petitioner, Defendant therein, pursuant to the provisions of 28 U.S.C.A. Section 1441 in that it involves a controversy between citizens of different states which exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (See Exhibit "A" hereto, paragraphs 16, 22, 25, 26, and 31, in which Plaintiff alleges this is the amount of its damages.)

7.    Thus, the amount in dispute between the parties is $429,676.28.

8.    That ASPEN contends that no monies are owed for the Plaintiff's claim.

9.   At the time of the commencement of this action and at all times since, ASPEN has been and still is a citizen of the North Dakota, its state of domicile, and of Massachusetts, the state in which it has its principal place of business.  The Defendant ASPEN is not currently a citizen of Florida, nor was it at the time of the institution of this action.

10.  At the time of the commencement of this action and at all times since Plaintiff has been and remains a citizen of the state of Florida.  Further, the Plaintiff's principal place of business is located in Florida.  (See Titan Development Partners LLC 2009 Annual Report dated January 14, 2009, which was filed with the Secretary of State of Florida, attached as Exhibit "D").

11.  Defendant ASPEN will give notice of the filing of this notice as required by 28 U.S.C. §1446(d).

12.  A copy of this notice will be filed with the clerk of the Eleventh Judicial Circuit of Florida as required by 28 U.S.C. §1446 (d).

3

Wherefore, ASPEN requests that this action proceed in this Court as an action properly removed to it.

Dated: October 5, 2009
       Daytona Beach, Florida

Respectfully submitted,

MICHAELA D. SCHEIHING
Trial Counsel
Florida Bar Id. No. 931853
MARJORIE M. SALAZAR
Florida Bar Id. No. 939021
BOEHM, BROWN, FISCHER,
  HARWOOD, KELLY &
  SCHEIHING, P.A.
113 Executive Circle
Telephone (386) 258-3341
Facsimile (386) 258-0252
mscheihing@boehmbrown.com
msalazar@boehmbrown.com
Attorneys for Defendant
ASPEN SPECIALTY INS. CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by First Class U.S. Mail (with exhibits) and Facsimile (without exhibits) to **Alian M. Perez, Esq., Montesano & Perez, 782 NW Le Jeune Road, Suite 628, Miami, Florida 33126, fax 786-362-7171** this 5th day of October, 2009.

MICHAELA D. SCHEIHING

4

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TITAN DEVELOPMENT PARTNERS
LLC, a Florida limited liability company,

GENERAL JURISDICTION DIVISION

CASE NO.: 09-62203 CA 11

Plaintiff,

v.

ASPEN    SPECIALTY    INSURANCE
COMPANY, a foreign corporation,

Defendant.

_____/

## COMPLAINT

Plaintiff, TITAN DEVELOPMENT PARTNERS, LLC (the "Insured"), hereby sues

Defendant, ASPEN SPECIALTY INSURANCE COMPANY (the "Insurance Company"), and

in support thereof allege as follows:

### PARTIES, JURISDICTION & VENUE

1.    This is an action for damages that exceed Fifteen Thousand Dollars

($15,000) exclusive of interest, costs and fees.

2.    The Insured is a Florida limited liability corporation, qualified to do business in

Florida, and has at all times material hereto been conducting business in Miami-Dade

County, Florida.

3.    The Insurance Company is a foreign corporation, qualified to do business in

Florida, and has at all times material hereto been conducting business in Miami-Dade

County, Florida.

4.    Venue is proper in Miami-Dade County, Florida because the contract, which

forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.



5.      Venue is proper in Miami Dade County, Florida because the property, which forms the subject matter of this lawsuit, is located in Miami-Dade County, Florida.

6.      All conditions precedents to the filing of this lawsuit have occurred, have been waived or have been performed.

## GENERAL ALLEGATIONS

7.      At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of PR5476708 (the "Policy").  The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so.  The Policy is in the sole and exclusive possession of the Insurance Company.  Moreover, the Insurance Company must have a copy of said Policy in its possession; as such, the Insured will file a copy of the Policy after same is provided by the Insurance Company through discovery.

8.      Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses.  The damaged property is located at 139 Northeast 1st Street, Miami, Florida 33128 ("Property").

9.      On or about January 26th, 2009, while the Policy was in full force and effect, the Property sustained a covered loss as a result of Water Loss (the "Loss").

10.     Accordingly, the Insured notified the Insurance Company and the Insurance Company assigned claim number PR0800024222 to the Loss.

2

11.    Consequently, the Insured Company requested several documents that were provided in a timely manner.

12.    Even though the Insured provided every document that was requested by the Insurance Company in a timely manner, the Insurance Company has willfully refused to make a decision in this case.

13.    By its silence regarding coverage, the Insurance Company has taken the position that it has no duty to cover the Loss. However, it is firmly rooted in Florida jurisprudence that failure of the Insurance Company to attend a Loss, which is coverable under the Policy, is a material breach of the same.

14.    The Insurance Company's duty to provide coverage for the Loss is a condition precedent for the Insured to receive the insurance's benefits that it is entitled under the terms of the Policy.

15.    As of the date of the filing of this lawsuit more than seven (7) months have lapsed since the Insurance Company had notice of the Loss; however, the Insurance Company has failed to: (i) attend to the Insured's claim; (ii) acknowledge or deny that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

16.    The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy in the liquidated amount of $429,676.28.

17.    The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

3

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 17 as if fully set forth herein.

18.    It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

19.    The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing its obligations under the Policy.

20.    Further, at all times material hereto, the Insured has satisfied all post loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property; and (iii) keeping an accurate record of the repairs expenses. Accordingly, the Insured has made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

21.    In contrast, the Insurance Company has failed to: (i) comply with the Insured's claim; (ii) acknowledge or deny that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

22.    As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has suffered and continues to suffer damages in the liquidated amount of $429,676.28.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages and demands an appraisal process to

4

determine the correct amount of the Loss, plus interest, court costs, reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and any other relief as this court find just and proper.

## COUNT II
## UNJUST ENRICHMENT

Insured realleges and reincorporates paragraphs 1 through 22 as if fully set forth herein.

23.   Benefits were conferred upon the Insurance Company by the Insured equal to the amount of monies pay by the Insured when it bought the Policy.

24.   The Insurance Company has knowledge of said benefits and appreciated it in that the Insurance Company voluntarily accepted the monies tendered by the Insured when it purchased the Policy without objection.

25.   The acceptance of such benefits by the Insurance Company is such that it would be inequitable for the Insurance Company to retain the benefits without paying the amount of $429,676.28.

26.   The Insurance Company has been unjustly enriched in the liquidated amount of $429,676.28.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $38,686.00, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

5

## COUNT III
## FRAUD IN THE INDUCEMENT

The Insured realleges and reincorporates paragraphs 1 through 26 as if fully set forth herein.

27.     The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

28.     The Insurance Company fraudulently induced the Insured to purchase the Policy upon false representations that it would fully pay the Insured for any covered claim.

29.     The Insurance Company knew that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to its detriment thereon.

30.     The Insured did, indeed, rely to its detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

31.     As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured has suffered and continues to suffer damages in the amount of $429,676.28.

32.     The Insured reserves the right to amend this count to add a claim herein for punitive damages in accordance with Section 768.72, Florida Statutes, upon the proper showing to this Court of the necessary record evidence allowing such amendment.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company

6

provides full payment for the Loss in the liquidated amount of $38,686.00, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

The Insured realleges and reincorporates paragraphs 1 through 32 as if fully set forth herein.

33.    The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

34.    The Insurance Company negligently induced the Insured to purchase the Policy upon representations that it would fully pay the Insured for any covered claim.

35.    The Insurance Company should have known or was reckless on not knowing that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to its detriment thereon.

36.    The Insured did, indeed, rely to its detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

37.    As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured has suffered and continues to suffer damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $429,676.28, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

7

Dated this 31st day of August, 2009.

**MONTESANO & PEREZ, P.L.**
Counsel for the Insured.
Ocean Bank Building
782 N.W. Le Jeune Road
Suite 628
Miami, Florida 33126
Telephone No. (786) 528-5288
Facsimile No.   (786) 362-7171

By:_____
   Alian M. Perez, Esq.
   Florida Bar No. 36340

8

X IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
Q

| DIVISION<br>X CIVIL<br>Q OTHER | SUMMONS | CASE NUMBER<br>09-66003 CA11 |
|---|---|---|
| PLAINTIFF(S)<br>TITAN DEVELOPMENT<br>PARTNERS LLC, | DEFENDANT (s)<br>ASPEN SPECIALTY<br>INSURANCE COMPANY, | CLOCK IN |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You **ARE COMMANDED** to serve this summons and a copy of the **Complaint** in this action on defendant:

**ASPEN SPECIALTY INSURANCE COMPANY**
**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
**200 E. GAINES STREET**
**TALLAHASSEE, FLORIDA 32399-4201**

Defendant is required to serve answer and written defenses to the Complaint on Plaintiff's Attorney: MONTESANO & PEREZ, P.L., whose address is 782 N.W. Le Jeune Road, Suite 628, Miami, Florida 33126 Telephone No.: 786-528-5288, Fax No.: 786-362-7171, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | *Ela Martin 300272*<br>BY_____<br>DEPUTY CLERK | DATE<br>SEP 0 8 2009 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

EXHIBIT
B

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**

Florida Department of Financial Services



09-49216

TITAN DEVELOPMENT PARTNERS LLC

PLAINTIFF(S),

VS.

ASPEN SPECIALTY INSURANCE COMPANY

DEFENDANT(S).

SUMMONS, COMPLAINT,

CASE #:    09-66203 CA 11
COURT:    CIRCUIT COURT
COUNTY: DADE
DFS-SOP#: 09-49216

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida.  Said process was received in my office by MAIL on the 14th day of September, 2009 and a copy was forwarded by Electronic Delivery on the 16th day of September, 2009 to the designated agent for the named entity as shown below.

ASPEN SPECIALTY INSURANCE COMPANY
DENISE TESSIER   (compliance@aspenspecialty.com)
ASPEN SPECIALTY INSURANCE COMPANY
600 ATLANTIC AVE, 20TH FL
BOSTON MA 02110

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

ALIAN M. PEREZ
MONTESANO & PEREZ
SUITE 628
782 NW LE JEUNE ROAD
MIAMI FL 33126

CYA

CALENDARED

EXHIBIT
C

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

14 of 17

# 2009 LIMITED LIABILITY COMPANY ANNUAL REPORT

**FILED**
**Jan 14, 2009**
**Secretary of State**

DOCUMENT# L03000003070

**Entity Name:** TITAN DEVELOPMENT PARTNERS LLC

**Current Principal Place of Business:**                    **New Principal Place of Business:**

139 NE 1 STREET
PENTHOUSE #1
MIAMI, FL 33132

**Current Mailing Address:**                    **New Mailing Address:**

139 NE 1 STREET
PENTHOUSE #1
MIAMI, FL 33132

**FEI Number:** 81-0595159        **FEI Number Applied For ( )**        FEI Number Not Applicable ( )        Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**        **Name and Address of New Registered Agent:**

SUAREZ, JESUS V
139 NE 1ST STREET
PENTHOUSE #1
MIAMI, FL 33132  US

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both,
in the State of Florida.

SIGNATURE: _____

    Electronic Signature of Registered Agent                              Date

**MANAGING MEMBERS/MANAGERS:**                    **ADDITIONS/CHANGES:**

| | | | |
|---|---|---|---|
| Title: | MGRM    ( ) Delete | Title: | ( ) Change ( ) Addition |
| Name: | SUAREZ, JESUS V | Name: | |
| Address: | 139 NE 1ST STREET, #PH-1 | Address: | |
| City-St-Zip: | MIAMI, FL 33132 | City-St-Zip: | |
| | | | |
| Title: | MGR    ( ) Delete | Title: | ( ) Change ( ) Addition |
| Name: | MENENDEZ, JORGE M | Name: | |
| Address: | 139 NE 1ST STREET, #PH-1 | Address: | |
| City-St-Zip: | MIAMI, FL 33132 | City-St-Zip: | |

I hereby certify that the information supplied with this filing does not qualify for the exemption stated in Chapter 119, Florida
Statutes. I further certify that the information indicated on this report is true and accurate and that my electronic signature
shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company
or the receiver or trustee empowered to execute this report as required by Chapter 608, Florida Statutes.

SIGNATURE:  JORGE MENENDEZ                    MGR            01/14/2009
            Electronic Signature of Signing Managing Member, Manager, or Authorized Representative / Date



IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 09-66203 CA 11

TITAN DEVELOPMENT PARTNERS
LLC, a Florida limited liability company,

     Plaintiff,

v.

ASPEN SPECIALTY INSURANCE COMPANY,
A foreign corporation,

     Defendant.
_____/

### NOTICE OF FILING DEFENDANT'S NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1446(d) Defendant's Notice of

Removal has been filed with the Clerk of this Honorable Court.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
First Class U. S. Mail and Facsimile to: **Alian M. Perez, Esq., Montesano & Perez, 782 NW
Le Jeune Road, Suite 628, Miami, Florida 33126, fax 786-362-7171**, on this 5th day of
October, 2009.

          BOEHM, BROWN, FISCHER,
          HARWOOD, KELLY & SCHEIHING, P.A.

          MICHAEL A D. SCHEIHING, ESQUIRE
          mscheihing@boehmbrown.com
          Florida Bar Number 0931853
          MARJORIE M. SALAZAR, ESQUIRE
          msalazar@boehmbrown.com
          Florida Bar Number 0939021
          Post Office Box 11830
          Daytona Beach, Florida  32120
          386-258-3341
          386-258-0252 (facsimile)
          Attorneys for Defendant
          ASPEN SPECIALTY INS. CO.

09-CIV-23007-MORENO/TORRES

Case 2:09-cv-23007-FAM   Document 1   Entered on FLSD Docket 10/06/2009   Page 17 of 17   FILED by ___ GMT D.C.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

ELECTRONIC

**Oct 06, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

Titan Development Partners, LLC, a Florida limited liabililty company

## DEFENDANTS

Aspen Specialty Insurance Company, a foreign corporation

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   State of N. Dakota
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alian M. Perez, Esquire, Montesano & Perez, 782 NW LeJeune Road, Suite 628, Miami, FL 33126

Attorneys (If Known)

Michaela D. Scheihing, Esquire, Boehm, Brown, Fischer
P. O. Box 11830, Daytona Beach, FL 32120 - 386/258-3341

**(d)** Check County Where Action Arose:  ✓ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
✓ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ✓ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09 cv 23007 - MORENO/ TORRES

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO   b) Related Cases ☐ YES ✓ NO

JUDGE _____   DOCKET NUMBER _____

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

## VII. CAUSE OF ACTION

28 U.S.C. Sections 1332, 1441 and 1446; breach of contract

LENGTH OF TRIAL via   5   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____   DATE   10-5-09

FOR OFFICE USE ONLY

AMOUNT  350.00   RECEIPT #  1009469   IFP

10/6/09